Fouad v Milton Hershey Sch. & Sch. Trust (2022 NY Slip Op 02870)

Fouad v Milton Hershey Sch. & Sch. Trust

2022 NY Slip Op 02870

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Gische, J.P., Webber, Friedman, Oing, Kennedy, JJ. 

Index No. 155743/18 Appeal No. 15818 Case No. 2021-04013 

[*1]F. Frederic Fouad, Plaintiff-Respondent,
v
The Milton Hershey School and School Trust, et al., Defendants-Appellants.

Saul, Ewing, Arnstein & Lehr LLP, New York (Colleen Fox of counsel), and Saul, Ewing, Arnstein & Lehr LLP, Philadelphia, PA (Alexander R. Bilus of the bar of the Commonwealth of Pennsylvania, admitted pro hac vice, of counsel), for The Milton Hershey School and School Trust, Peter Gurt, Ralph Carfagno, Robert Heist, Velma Redmond, David Saltzman, James W. Brown, M. Diane Koken, James M. Mead, Melissa L. Peeples-Fullmore, Jan Loeffler Bergen and Andrew S. Cline, appellants.
Pryor Cashman LLP, New York (Perry M. Amsellem of counsel), for Elliot Greenleaf P.C. and Jarad W. Handelman, appellants.
Smith Buss & Jacobs LLP, Yonkers (Jeffrey D. Buss of counsel), for respondent.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about October 20, 2021, which, to the extent appealed from, granted plaintiff's motion to the extent of deeming the complaint filed in the Southern District of New York (SDNY) on September 17, 2018 the operative pleading, denied the motions of defendants The Milton Hershey School and School Trust, Peter Gurt, Ralph Carfagno, Robert Heist, Velma Redmond, David Saltzman, James W. Brown, M. Diane Koken, James M. Mead, Melissa L. Peeples-Fullmore, Jan Loeffler Bergen and Andrew S. Cline (collectively, the MHS defendants) and defendants Elliot Greenleaf P.C. and Jarad W. Handelman (collectively, the Greenleaf defendants) to dismiss the action, and held in abeyance sine die plaintiff's cross motion for termination sanctions against defendants and their counsel, unanimously affirmed, with costs.
The court did not abuse its discretion in deeming the complaint filed in the SDNY on September 17, 2018 the operative pleading for the action. CPLR 3012(b) does not require that plaintiff re-serve defendants with state process merely because they were served with the complaint in federal court. Furthermore, giving effect to pleadings filed in federal court before remand will avoid the needless waste of time, effort, and expense that would result from requiring plaintiff to duplicate in Supreme Court his actions of the past four years in the federal court or possible forfeiture of claims before those claims are resolved on their merits.
The court's determination to hold plaintiff's cross motion for sanctions in abeyance is not reviewable because the court's deferral of a decision on that motion does not affect a substantial right of the parties (see CPLR 5701[a][2]; Condo v Condo, 180 AD3d 592, 592 [1st Dept 2020]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022